SCHOOLS A superintendent, principal, or teacher of a local school district is not precluded by any statutory provision from being elected or appointed to membership on the board of education of an area vocational-technical school district. The election or appointment of a superintendent, principal or teacher of a local school district to membership on the board of education of an area vocational-technical school district does not in and of itself constitute a conflict of interest; however, depending upon the surrounding facts and circumstances in any given case, a conflict of interest could arise, since a member of a board of education is required by Article II, Section 11, of the Oklahoma Constitution to give personal attention to the duties of that office, and otherwise owes an undivided duty to the entire public whom he or she serves. The Attorney General has considered your request for an opinion wherein you ask, in effect, the following questions: 1. Does it constitute a conflict of interest for a superintendent or a principal of a public school which is part of an area vocational-technical school district to be elected or appointed to membership on the board of education of the area vocational-technical school district? If the answer to the above question is in the affirmative, when must the position on the area school board be vacated due to the conflict of interest? 2. Does it constitute a conflict of interest for a vocational teacher or any other teacher in a public school district which is a part of an area vocational-technical school district to be elected or appointed to membership on the board of education of the area vocational-technical school district? If the answer to the above question is in the affirmative, when must the position on the area school board be vacated due to the conflict of interest? In your request letter you set out that the superintendents, principals and teachers to which you refer in the above questions hold positions under local boards of education of school districts which are within the territory of the area vocational-technical school district. These superintendents, principals and teachers are not employed by the area vocational-technical school district. We find no statutory provision in the Oklahoma School Code prohibiting a superintendent, principal or teacher of a local school district from being elected or appointed to membership on the board of education of an area vocational-technical school district. It does not appear that the Oklahoma Code of Ethics for State Officials and Employees, 74 O.S. 1401 [74-1401] et seq. (1971), applies to school district officers and employees but rather is limited in its application to officers and employees of the executive, judicial or legislative branches of state government. Further, it does not appear that 51 O.S. 6 [51-6] (1971), prohibiting dual office-holding, is applicable to the positions of superintendent, principal or teacher. That Section reads as follows: "Except as may be otherwise provided, no person holding an office under the laws of the State and no deputy of any officer so holding any office, shall, during his term of office, hold any other office, or be the deputy of any officer holding any office, under the laws of the State . . . ." This office has consistently held that members of a board of education are public officers within the meaning of 51 O.S. 6 [51-6] (1971). See, Attorney General's Opinions 63-155, 64-220, 72-127 (5 Okl. Op.A.G. 47); 72-132 (5 Okl.Op.A.G. 56), and 75-136 (8 Okl.Op. A.G. _). Based on the decision in Farley v. Board of Education of the City of Perry, 62 Okl. 181, 162 P. 797
(1917), however, this office has held that the position of superintendent of a school district is not an office within the meaning of 51 O.S. 6 [51-6] (1971). See, Attorney General's Opinion dated July 15, 1950, to the State Board of Education, and Attorney General's Opinion dated June 5, 1939, to the Honorable A. L. Crable, Superintendent of Public Instruction. Likewise, it has been held by this office, based upon Farley v. Board of Education of the City of Perry, supra, that school teachers employed by a school district are not officers within the meaning of 51 O.S. 6 [51-6] (1971). See, Attorney General's Opinions dated August 15, 1962, to the Honorable Bill Welch, County Attorney, Latimer County; November 6, 1961, to the Honorable Buck Cartwright, State Senator; and September 6, 1938, to the Honorable Fred C. Tracey, County Attorney, Beaver County. Further, since school principals are included in the definition of "teacher" under 70 O.S. 1-116 [70-1-116] (1971), they would not be officers within the meaning of 51 O.S. 6 [51-6] (1971). While no statutory provision precludes a superintendent, principal, or teacher of a local school district from serving on the board of education of an area vocational-technical school district, it should be pointed out that Article II, Section 11, of the Oklahoma Constitution, requires a person elected or appointed to any "office of trust or profit under the laws of the state" to "give personal attention to the duties of the office to which he is elected or appointed." Further, as pointed out in 63 Am.Jur.2d Public officers and Employees, Section 275, at page 791: "The obligations of public officers as trustees for the public are established as a part of the common law, fixed by the habits and customs of the people. Among their obligations as recipients of a public trust are to perform the duties of their offices honestly, faithfully, and to the best of their ability; to support the federal and state constitutions and to obey the laws enacted thereunder; to accept the offices to which they are appointed or elected, together with the burdens pertaining to such offices; to refrain from activities which will interfere with the proper discharge of their duties; to use reasonable skill and diligence in the discharge of their duties; and to exercise a proper degree of care in the choice of their subordinates . . . ." (Emphasis added) 63 Am.Jur.2d, supra, goes on to provide in Section 281, at page 794, as follows: "A public officer owes an undivided duty to the public whom he serves, and is not permitted to place himself in a position which will subject him to conflicting duties or expose him to the temptation of acting in any manner other than in the best interests of the public . . . ." (Emphasis added) In addition, 67 C.J.S. Officers, Section 117, at page 407, states as follows: "In the discharge of his duties the officer must be disinterested and impartial, and he may not at the same time act in his official capacity and as the agent of one of the public whose interests are adverse to those of another." (Emphasis added) These foregoing principals are based on the concept that one cannot serve two masters. It is, therefore, the opinion of the Attorney General that your question be answered as follows. A superintendent, principal, or teacher of a local school district is not precluded by any statutory provision from being elected or appointed to membership on the board of education of an area vocational-technical school district. The election or appointment of a superintendent, principal or teacher of a local school district to membership on the board of education of an area vocational-technical school district does not in and of itself constitute a conflict of interest; however, depending upon the surrounding facts and circumstances in any given case, a conflict of interest could arise, since a member of a board of education is required by Article II, Section 11 of the Oklahoma Constitution to give personal attention to the duties of that office, and otherwise owes an undivided duty to the entire public whom he or she serves. (GERALD E. WEIS) ** SEE: OPINION NO. 78-112 (1978) ** ** SEE: OPINION NO. 80-100 (1980) **